Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorney for SN Servicing Corporation
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

IN RE:

Clifton Lee Vaughn
Marya Christine Vaughn

Debtor

-----------------------------------------------------------------X

CASE NO.: 19-19281

CHAPTER: 13

HON. JUDGE.:
Michael B. Kaplan

HEARING DATE:
July 9, 2019 at 9:00am

## NOTICE OF OBJECTION TO CONFIRMATION OF PLAN

**PLEASE TAKE NOTICE** that SN Servicing Corporation ("Secured Creditor"), the holder of a mortgage on real property of the debtor(s), by and through its undersigned attorneys, hereby objects to the confirmation of the Chapter 13 Plan on grounds including:

1. Secured Creditor is the mortgagee pursuant to the Note and Mortgage executed by Debtor on September 28, 2005, pledging the real property located at 1425 Colorado Street, Toms River, NJ 08753(the "Property") as security.

2. Debtor(s) plan fails to provide for the claim of Secured Creditor. The objecting creditor is due arrears of approximately $69,011.73 with a total estimated claim amount of $298,350.69, which will be set forth in a Proof of Claim to be filed prior to bar date.

3. Debtor(s) plan as proposed appears to contemplate that there will be no cure for the prepetition arrears of Secured Creditor unless or until the property is sold. Moreover, the

debtor(s) are obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C § 1322 (b)(5). Accordingly, in the event that the ongoing sale efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C. § 1325(a)(1).

4. Secured Creditor objects to the value as indicated in Debtor's petition. Secured Creditor requests additional time to obtain a valuation of the property.

5. Debtor(s) seeks to modify the rights of Secured Creditor, which is the holder of a claim secured only by a security interest in real property that is not the principal residence of the debtor(s). As indicated above, Debtor may not have equity in the property, and any potential sale could be a short sale, to which Secured Creditor must approve. In addition, Secured Creditor objects to six (6) month time period for the Debtor to be able to sell the property as the proposed plan indicates. Furthermore, Debtor's proposed plan fails to provide any supporting information or documentation regarding the sale, retaining a broker, listing agreement etc. If there is in fact equity in the property, Secured Creditor objects to any order unless the loan is paid in full based off a payoff provided at closing. Secured

6. Debtor(s) proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith.

7. Debtor(s) proposed plan does not provide that Secured Creditor retain its lien.

8. Debtor(s) proposed plan is not feasible.

9. Debtor(s) proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C § 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

FRIEDMAN VARTOLO LLP
85 Broad Street Suite 501
New York, New York 10004
Attorneys for Secured Creditor,

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.

Date: July 2, 2019

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Jonathan Schwalb, Esq.<br>Friedman Vartolo LLP<br>85 Broad Street, Suite 501<br>New York, New York 10004<br>P: (212) 471-5100<br>Attorneys for SN Servicing Corporation as Servicer for US Bank Trust N.A., as Trustee of the SCIG Series III Trust | Case No.: 19-19281<br><br>Chapter: 13 |
| In Re:<br><br>Clifton Lee Vaughn<br>Marya Christine Vaughn | Adv. No.: <br><br>Hearing Date: July 9, 2019 at 10:00 AM<br><br>Hon. Judge: Michael B. Kaplan |

## CERTIFICATION OF SERVICE

1. I, Theodore Weber :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for Jonathan Schwalb, Esq., who represents SN Servicing Corporation in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2. On July 2, 2019, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

    - Notice of Objection to Confirmation of Plan

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: July 2, 2019         /s/ Theodore Weber
                            Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Clifton Lee Vaughn<br>1425 Colorado Drive<br>Toms River, NJ 08753<br><br>Marya Christine Vaughn<br>1425 Colorado Drive<br>Toms River, NJ 08753 | Debtor(s) | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| William H. Oliver, Jr.<br>William H. Oliver, JR<br>2240 State Highway 33<br>Suite 112<br>Neptune, NJ 07753 | Debtor(s) Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |