UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
WILLIAM H. OLIVER, JR.
2240 Highway 33
Suite 112
Neptune, New Jersey 07753
732-988-1500
Attorney for Debtor(s)
WO-7129

Order Filed on November 27, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

CLIFTON LEE VAUGHN
MARYA CHRISTINE VAUGHN

Debtors

Case No.: 19-19281

Adv. No: n/a

Hearing Date: November 19, 2019 @ 9am

Chapter: 13

Oral Argument Requested if Objection Filed

Judge: Michael B. Kaplan

### ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 1425 Colorado Drive, Toms River, NJ 08753, FREE AND CLEAR OF LIENS, CLAIMS OR ENCUMBRANCES AND GRANTING RELATED RELIEF

The relief set forth on the following pages numbers two (2) through four (4) is hereby

**ORDERED**.

**DATED: November 27, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtors:   Clifton & Marya Vaughn
Case No.   19-19281(MBK)
Caption of Order:  ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT **1425 Colorado Drive, Toms River, NJ 08753**, FREE AND CLEAR OF LIENS, CLAIMS OR ENCUMBRANCES AND GRANTING RELATED RELIEF

THIS MATTER, having been opened to the Court by William H. Oliver, Jr., Esq. for **Clifton & Marya Vaughn**, Chapter 13 debtors ("Debtors"), by the filing of a Motion for an Order Authorizing Sale of Real Property Free and Clear of Liens, Claims or Encumbrances and Granting Related Relief (the "Motion") relating to the proposed sale of the real property located at **1425 Colorado Drive, Toms River, NJ 08753** (the "Property"); due and proper notice of the Motion and related matters before the Court in this case having been given; and the Court having considered the moving papers and opposition thereto, if any; and oral argument, if any; and good and sufficient cause existing for the granting of the relief as set forth herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. Full and adequate notice of the Motion has been afforded to all interested parties.

B. The offer made by **Frank Mazzola** (the "Buyers") in the amount of **$185,000.00** is the highest and best offer received for the Property and the sale price for the Property constitutes full and adequate consideration and reasonably equivalent value for the property.

C. The transactions being proposed were negotiated at arm's length and in good faith.

D. The Buyer is a good faith purchaser for value pursuant to Section 363(m) of the Bankruptcy Code and, as such, the sale of the property is entitled to all of the protections afforded thereby.  The Buyer is acting and shall act in good faith within

2

Debtors:   Clifton & Marya Vaughn
Case No.   19-19281(MBK)
Caption of Order:  ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT
**1425 Colorado Drive, Toms River, NJ 08753**, FREE AND CLEAR OF LIENS, CLAIMS OR ENCUMBRANCES AND GRANTING RELATED RELIEF

the meaning of Section 363(m) of the Bankruptcy Code in closing the transaction(s) contemplated by in the Contract for Sale.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is GRANTED.

2. The sale of the right, title and interest in the property to Buyer pursuant to the terms and conditions set forth in the Contact for Sale is hereby approved.  The record and transcript of the hearing and all findings and determinations of this Court are hereby incorporated herein.

3. The Property is specially being sold free and clear of any liens or encumbrances, including the following disputed judgments, with valid liens, if any, attaching to the proceeds of sale pursuant to 11 U.S.C. § 363(f).

| **CREDITOR** | **JUDGEMENT NUMBER** | **DATE ENTERED OR DOCKETED AS SET FORTH IN SEARCH** | **FACE JUDGMENT AMOUNT** |
| --- | --- | --- | --- |
|  |  |  |  |
| Target Nat'l Bank | DJ-140357-2011 | May 16, 2011 | $2,625.15 |
| American Baseball Co | DJ-101380-2012 | May 14, 2012 | $5,178.80 |
| Midland Funding | DJ-210220-2012 | September 26, 2012 | $5,716.87 |
|  |  |  |  |

4. In addition to payment of valid liens and other standard closing costs as disclosed in the Certification in support of the Motion, the attorney is specifically authorized to make payment to the Broker (as defined in the Certification of the Attorney submitted herewith) at closing for the real estate commission as reflected in the Certification in support of the Motion.

Debtors:   Clifton & Marya Vaughn
Case No.   19-19281(MBK)
Caption of Order:  ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT
**1425 Colorado Drive, Toms River, NJ 08753**, FREE AND CLEAR OF LIENS, CLAIMS OR ENCUMBRANCES AND GRANTING RELATED RELIEF

5. The Court retains jurisdiction over the parties and this matter for, inter alia, purposes of enforcing this order and otherwise implementing the sale.

6. The stay provisions under Fed. R. Bankr. P. 6004(h) be and hereby are waived and, therefore, not applicable to this sale.

7. The Stay as authorized by Rule 6004(h) is waived and the sale may proceed without the expiration of the 14 day period per the Rule.

8. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

9. The amount of **$52,950.00** claimed as exempt may be paid to the Debtor if any funds available after paying secured creditor.

10. The **X balance of proceeds** or the ☐ balance due on the debtor's Chapter 13 Plan must be paid to the Chapter 13 Trustee in the Debtor's case.

11. The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

12. SN Servicing Corporation shall receive no less than $180,913.97 as per the short sale approval.